```
_____
                                       )
ATRION NETWORKING CORP.,               )
                                       )
         Plaintiff,                    )
                                       )
    v.                                 )    C.A. No. 14-032 S
                                       )
MARBLE PLAY, LLC,                      )
                                       )
         Defendant.                    )
_____)
```

## OPINION AND ORDER

WILLIAM E. SMITH, Chief Judge.

I.  Background

This Court recently issued an Opinion and Order (ECF No. 11) in the above-captioned matter granting in part and denying in part a motion to dismiss filed by Defendant, Marble Play, LLC ("Marble Play").  The net result was that Plaintiff Atrion Networking Corp.'s ("Atrion") claim for fraud and misrepresentation was dismissed without prejudice, but the Court permitted Atrion's claims for breach of contract and unjust enrichment to proceed.  The Court simultaneously denied Marble Play's request in the alternative that this matter be stayed or dismissed in favor of a suit that Marble Play had initiated in the Southern District of New York (the "New York Suit").[1]  See

---

[1] In light of this Court's ruling on the motion to

<u>Global Sports Links LLC v. Atrion Networking Corp.</u>, No. 14-cv-361 (S.D.N.Y. filed Jan. 17, 2014).

In the Opinion and Order, the Court rejected Marble Play's argument that the amount in controversy was insufficient to trigger federal subject matter jurisdiction. Marble Play had vigorously contended that the amount in controversy was a mere $60,000 – the amount that the parties had agreed upon for certain website design work pursuant to an oral contract. The Court found that Atrion was permitted to plead its breach of contract and fraud claims in the alternative with a separate claim for unjust enrichment. Although the breach and fraud claims related to the $60,000 oral contract, the unjust enrichment claim was for some $500,000, which is sufficient for federal subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1332(a).

Marble Play was dissatisfied with this ruling. Following the issuance of the Court's Opinion and Order, Marble Play filed a Notice of Appeal with the United States Court of Appeals for the First Circuit contesting the Court's decision not to stay or dismiss the case in favor

---

dismiss, the district court in the Southern District of New York dismissed the case, but the parties were instructed to notify that court in the event that this Court's decision was reversed so that the case might be reopened. <u>See</u> S.D.N.Y No. 14-cv-361, ECF No. 14.

2

of the New York Suit. That matter is currently pending before the First Circuit. See Atrion Networking Corp. v. Marble Play, LLC, No. 14-1640 (1st Cir. filed June 11, 2014).

Then, Marble Play filed the instant Motion to Certify Order for Immediate Appeal and to Stay Proceedings (ECF No. 14). Therein, Marble Play seeks this Court's blessing to file an interlocutory appeal with the First Circuit under 28 U.S.C. § 1292(b) challenging this Court's finding that Atrion's unjust enrichment claim was sufficient to satisfy the minimum amount in controversy necessary for federal subject matter jurisdiction. For the reasons that follow, Marble Play's Motion to Certify Order for Immediate Appeal and to Stay Proceedings is DENIED.

II. Discussion

As a general matter, the United States Courts of Appeals have jurisdiction to hear appeals solely from final decisions of the district courts. See 28 U.S.C. § 1291. Nevertheless, 28 U.S.C. § 1292(b) provides a limited exception whereby district courts may authorize interlocutory appeals of decisions that do not otherwise qualify as "final." A party seeking such interlocutory review must demonstrate that the district court's prior ruling (1) "involves a controlling question of law," (2)

"to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[2] Cummins v. EG & G Sealol, Inc., 697 F. Supp. 64, 68 (D.R.I. 1988) (quoting 28 U.S.C. § 1292(b)).

The First Circuit has wisely cautioned the district courts that "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances . . . ." Carabello-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (citations omitted). And, courts in this district have taken heed. See, e.g., Cummins, 697 F. Supp. at 66 ("Certification for appellate review of an interlocutory order . . . is to be granted only in very rare cases."); id. at 67 ("[F]ederal law abhors piecemeal appeals disputing interlocutory district court orders."); Thompson Trading Ltd. v. Allied Lyons PLC, 124 F.R.D. 534, 537 (D.R.I. 1989) ("Congress intended that interlocutory certification . . . be granted only in exceptional circumstances."); Bank of N.Y. v. Hoyt, 108 F.R.D. 184, 190 (D.R.I. 1985) ("An interlocutory appeal is a tool which should be employed with surgical

---

[2] Even a decision by the district court approving a request for an interlocutory appeal does not end the inquiry. It is then up to the Court of Appeals to decide whether to accept the appeal. See 28 U.S.C. § 1292(b).

4

precision."). This makes sense. District courts are often called upon to issue rulings on controlling issues of law where the outcome is significant (if not dispositive) to the resolution of the case and where reasonable minds could disagree as to the correct result. The unbridled right of a losing party to seek interlocutory relief in such circumstances would result in the inundation of the courts of appeals, delay the pace of litigation and drastically increase its costs, all to the detriment of the judicial process.

As noted briefly at the outset, the point that Marble Play seeks to press before the First Circuit involves this Court's exercise of jurisdiction as it relates to the amount in controversy. Marble Play frames the issue this way:

> Can an unjust enrichment claim, pled in the alternative, survive to confer subject matter jurisdiction when the parties admit that a contract exists and the damages asserted in the contract claim do not meet the amount in controversy requirement?

It is against this backdrop that the Court assesses Marble Play's request for interlocutory certification.

A. Controlling Question of Law

In the context of motions for interlocutory certification, the term "controlling" means "serious to the

5

conduct of the litigation, either practically or legally . . . ." Hoyt, 108 F.R.D. at 188-89 (quoting Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974)). But, "a legal question cannot be termed 'controlling' if litigation would be conducted in much the same manner regardless of the disposition of the question upon appeal." Id. at 188.

There can be no doubt that the issue of whether this Court has subject matter jurisdiction is one that is serious to the conduct of the litigation. Indeed, a lack thereof would bring these proceedings to a brisk halt. But, the Court is mindful that such a finding would do little to affect the overall conduct of the litigation. Though the New York Suit was dismissed in the wake of the entry of this Court's Opinion and Order, the parties were instructed that the case could be reopened if this Court's holding was reversed. It is likely then that were the First Circuit to find that this Court lacks subject matter jurisdiction, the net result would simply be a change of venue and the parties would litigate their dispute in a different federal court.[3] This being the case, it cannot be said that the relief sought involves a controlling question of law. See, e.g., Madoff v. Bold Earth Teen Adventures,

---

[3] Given the nature of the claims brought in the New York Suit, there is unlikely to be an amount in controversy issue in that case.

6

CIVIL NO. 12-00470 SOM/RLP, 2013 U.S. Dist. LEXIS 87053, at *10-11 (D. Haw. June 20, 2013) (declining to certify an order for interlocutory appeal based, in part, on a finding that the dispute would simply be refiled in a different court).

B. Substantial Ground for Difference of Opinion

There exists a substantial ground for difference of opinion when the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority." Philip Morris, Inc. v. Harshbarger, 957 F. Supp. 327, 330 (D. Mass. 1997) (quoting McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984)). Nevertheless, "substantial ground for difference of opinion does not exist merely because there is a dearth of cases." White v. Nix, 43 F.3d 374, 378 (8th Cir. 1994).

Marble Play goes to great lengths to conjure a substantial ground for difference of opinion, but in doing so, merely obfuscates straight-forward principles of law. As set forth in the Court's prior Opinion and Order, it is beyond dispute that a plaintiff is entitled to plead in the alternative by bringing multiple (even inconsistent) claims. See Fed. R. Civ. P. 8(d)(2); see also Hasbro, Inc. v. Mikohn Gaming Corp., 491 F. Supp. 2d 256, 264 (D.R.I. 2007). What is more, the Supreme Court has instructed that

7

for purposes of assessing the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). Marble Play presents no authority disputing these principles.

Instead, in searching for a substantial ground for difference of opinion, Marble Play relies principally on Reed v. Zipcar, Inc., 883 F. Supp. 2d 329, 334 (D. Mass. 2012) ("Massachusetts law does not allow litigants to override an express contract by arguing unjust enrichment.") (citations omitted). As an initial matter, neither party suggests that Massachusetts law governs either this dispute or the oral contract. But, assuming momentarily the universal applicability of the cited statement, the question of whether Atrion was entitled in the first place to bring an unjust enrichment claim is wholly separate from the question before this Court of whether an unjust enrichment claim, pled in the alternative, is sufficient to confer federal subject matter jurisdiction. Thus, Zipcar is of no use in demonstrating a substantial ground for difference of opinion.

Furthermore, Zipcar involved the express terms of a written agreement. In contrast, here, it is unclear whether the parties agree on fundamental terms of the oral contract.[4] Indeed, in affirming the holding in Zipcar, the First Circuit noted that a resort to equitable remedies could not be sustained in that case because the plaintiff had not alleged that the written contract was invalid or unclear. Reed v. Zipcar, Inc., 527 F. App'x 20, 24 (1st Cir. 2013). Here, Atrion has alleged that the oral contract was both. As such, the Court concludes that Marble Play has failed to demonstrate substantial grounds for difference of opinion.

C. Material Advancement of the Termination of the Litigation

"[T]he requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." Philip Morris, 957 F. Supp. at 330 (quoting 16 Charles Alan Wright et al., Federal Practice and Procedure § 3930 at 432 (2d ed. 1996)). As set forth above, the Court concludes that the interlocutory review that Marble Play seeks does not present a

---

[4] For example, whether the oral contract included a waiver of claims relating to prior website design work that Atrion had performed for Marble Play.

controlling question of law because of the near certainty that this dispute would simply reemerge in the form of the New York Suit were Marble Play to prevail before the First Circuit. For the same reason, the Court finds that certification of its Opinion and Order would not materially advance the termination of the litigation; indeed, it would only serve to prolong it.

III. Conclusion

Based on the analysis set forth above, the Court declines to certify its Opinion and Order for interlocutory appeal and, for the same reasons, declines Marble Play's invitation to stay the proceedings. Therefore, Marble Play's Motion to Certify for Immediate Appeal and to Stay Proceedings is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: July 16, 2014